UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

GARRETT MJ TALIF SOREZO,

        Plaintiff,                     Case No. 1:24-cv-1256

v.                                       Honorable Ray Kent

HEIDI E. WASHINGTON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice. *See Neals*

*v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Order, *Sorezo v. Grainge*, No. 2:23-cv-10046 (E.D. Mich. Jan. 19, 2023), (ECF No. 7) (dismissing case as frivolous and for failure to state a claim); Op. & Order, *Sorezo v. Smith*, No. 2:22-cv-12849 (E.D. Mich. Jan. 11, 2023), (ECF No. 5)

4

(dismissing case as frivolous and for failure to state a claim); Op. & Order, J., *Sorezo v. The White House*, No. 2:22-cv-12494 (E.D. Mich. Dec. 1, 2022), (ECF Nos. 6, 7) (dismissing case for failure to state a claim and as frivolous)[3]; Order & J, *Sorezo v. Buckingham Palace*, No. 1:22-cv-12540 (E.D. Mich. Oct. 25, 2022), (ECF Nos. 5, 6) (dismissing case for failure to state a claim and as frivolous)[4]; *see also* Order & J., *Sorezo v. Main*, No. 2:22-cv-13098 (E.D. Mich. July 18, 2023), (ECF Nos. 24, 25) (dismissing case as frivolous for lack of jurisdiction).

---

[3] In *Sorezo v. The White House*, No. 2:22-cv-12494 (E.D. Mich.), Plaintiff sued the White House, President Joe Biden, Sheriff Michael Main, Former President George H.W. Bush, and Former President Barack H. Obama. The United States District Court for the Eastern District of Michigan determined that Plaintiff's complaint was subject to dismissal because it was frivolous, failed to state a claim upon which relief may be granted, and sued a Defendant who was immune from suit. *See* Op., *Sorezo v. The White House*, No. 2:22-cv-12494 (E.D. Mich. Dec. 1, 2022), (ECF No. 6, PageID.6). Although the Eastern District of Michigan concluded that Defendant President Joe Biden was absolutely immune from suit, the Eastern District of Michigan also concluded that Plaintiff failed to state a claim against Defendant Biden because Plaintiff failed to allege that Defendant Biden had any personal involvement in the events giving rise to the complaint. *See id.*, (ECF No. 6, PageID.7). The Eastern District of Michigan also concluded that Plaintiff's complaint, which alleged that "he [wa]s 'related to the founders of America,'" "that he ha[d] been experiencing 'tort issues' from the White House violating his civil rights and the Privacy Act," "that he [wa]s being subject to plagiarism, constant tracking by 'spy technology,' fraud or scam, noise violations, and 'mistreatment,' and that Covid ha[d] [a]ffected his well-being and created 'mischief' against him while he [wa]s 'stuck in confinement,'" in part, "lack[ed] an arguable basis in fact." *Id.*, (ECF No. 6, PageID.4, 8). The Eastern District of Michigan concluded that these "baseless and delusional allegations must be dismissed." *Id.*, (ECF No. 6, PageID.8). Under these circumstances, the Court concludes that *Sorezo v. The White House*, No. 2:22-cv-12494 (E.D. Mich.), constitutes a "strike" within the meaning of 28 U.S.C. 1915(g) because although the Eastern District of Michigan noted that Defendant Biden was absolutely immune from suit, the Eastern District of Michigan also concluded that Plaintiff failed to state any claim upon which relief may be granted against Defendant Biden and that his claims were frivolous. *Cf. Crump v. Blue*, 121 F.4th 1108, 1112 (6th Cir. 2024) (concluding that "a decision not to exercise supplemental jurisdiction over state-law claims and one that include[s] a dismissal on Eleventh Amendment immunity grounds" do not constitute "strikes"). *But see Simons v. Washington*, 996 F.3d 350, 352–54 (6th Cir. 2021) (holding that a court that dismisses an action cannot "bind a later court with its strike determination").

[4] In *Sorezo v. Buckingham Palace*, No. 1:22-cv-12540 (E.D. Mich.), Plaintiff sued Buckingham Palace, Prince William, Prince Harry, Queen Kate, the White House, and President Joe Biden under the Privacy Act. The Eastern District of Michigan concluded that Plaintiff's complaint was subject to dismissal because (i) it did "not provide any jurisdictional allegations" and was therefore frivolous, (ii) "it d[id] not provide any facts that, taken as true, would state a facially plausible

As explained below, Plaintiff's allegations in the present action do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which

---

claim to relief under the Privacy Act" and therefore "fail[ed] to state a claim for which relief may be granted," and (iii) it sought "monetary relief from the President of the United States." Order, *Sorezo v. Buckingham Palace*, No. 1:22-cv-12540 (E.D. Mich. Oct. 25, 2022), (ECF No. 5, PageID.4). The Court concludes that *Sorezo v. Buckingham Palace*, No. 1:22-cv-12540 (E.D. Mich.), constitutes a "strike" within the meaning of 28 U.S.C. 1915(g) because, in addition to the alternative reason for the dismissal of one Defendant, the Eastern District of Michigan also concluded that Plaintiff failed to state any claim upon which relief may be granted against Defendants and that his claims were frivolous.

the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In the present action, Plaintiff sues Michigan Department of Corrections (MDOC) Director Heidi Washington and the MDOC. (Compl., ECF No. 1, PageID.1, 2.) Plaintiff is currently incarcerated at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. In Plaintiff's complaint, he states that "everyday or morning, [he] wake[s] up with back problems, stiff joints, and cramps, muscle aches, and pains in [his] upper body area and lower back."[5] (*Id.*, PageID.3.) Plaintiff states that he has "to take a Motrin or Tylenol to feel better for a little while, but the pain won't go away." (*Id.*) Plaintiff claims that "this has been ongoing since August 2024" and before when he was incarcerated at Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan. (*Id.*) Plaintiff claims that he has "a pinched nerve and sciatica." (*Id.*) Plaintiff alleges that "all this comes from [his] cell and facilities' hard bunks," and that "it resets every night and [he] wake[s] up drained [and] weak with back problems." (*Id.*) Plaintiff states that as a result of the pain that he is experiencing, he is depressed and "stressed . . . out," he cannot exercise, and he can "barely get up and dress." (*Id.*)

The Court does not minimize Plaintiff's experience; however, based on the facts alleged in the complaint, Plaintiff fails to show that he is in imminent danger of serious physical injury. Plaintiff alleges that he is experiencing pain in his "upper body area and lower back" and that he has "a pinched nerve and sciatica," which he attributes to "[his] cell and facilities' hard bunks." (*id.*); but, Plaintiff acknowledges that Motrin and Tylenol relieve his pain, and Plaintiff alleges no

---

[5] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

7

facts to suggest that he is being denied medical treatment or that he sought other relevant medical accommodations and was denied. (*See id.*)

Moreover, Plaintiff does not name Defendants MDOC and Washington in the body of his complaint, and he alleges no *facts* to suggest that he is presently in imminent danger *from the named Defendants*. Although the Sixth Circuit has not yet specifically addressed whether the imminent-danger exception requires a nexus between the danger and the allegations of the complaint, *see Vandiver*, 727 F.3d at 588 (declining to reach issue), this Court concurs with the uniform opinion of all seven circuits that have addressed the issue: some nexus between the imminent danger and the claims raised is required in order to protect the meaning of the entire provision. This nexus requirement does not add a judicially created element to the statute. Instead, as the *Pettus* court recognized, a reading of the statute that incorporates a nexus rule flows from the fundamental rule of statutory construction requiring that a statute be read as a whole. *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009). That rule of construction has been regularly repeated by the Supreme Court:

> The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. . . . It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132–33 (2000) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)); *see also Clark v. Rameker*, 573 U.S. 122, 131 (2014) (citing *Corley v. United States*, 556 U.S. 303, 314 (2009)).

An equally fundamental canon of statutory interpretation is that exceptions to a general rule must be read narrowly. *See Comm'r of Internal Revenue v. Clark*, 489 U.S. 726, 739 (1989) ("In construing provisions . . . in which a general statement of policy is qualified by an exception, we usually read the exception narrowly in order to preserve the primary operation of the

8

provision."). And from this last canon arises the related principle that exceptions must not be interpreted so broadly as to swallow the rule. *See Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 530 (2009) (rejecting an interpretation of a statutory exception that "would swallow the rule").

As applied to § 1915(g), the imminent-danger exception must be read in light of the strong general thrust of the PLRA, which was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton*, 106 F.3d at 1286. In addition, § 1915(g) itself states that "*[i]n no event* shall a prisoner bring a civil action or appeal . . ." if he has three strikes, unless his complaint alleges facts that fall within the narrow exception in issue. 28 U.S.C. § 1915(g) (emphasis added); *Pettus*, 554 U.S. at 297. Interpreting the statute without some link between the imminent danger alleged and the redress sought would cause the exception to swallow the rule, permitting a prisoner to file as many lawsuits as he wishes on any subject—as long as he can state that he is in imminent danger from something, even if that something is unrelated to his claims and unrelated to the named defendants. *See Pettus*, 554 F.3d at 297; *Pinson v. U.S. Dep't of Just.*, 964 F.3d 65, 71 (D.C. Cir. 2020). Such a reading of the statute would be inconsistent with the general rule of statutory construction, which requires that exceptions to a rule be read narrowly, so as not to undermine the general rule. *Clark*, 489 U.S. at 739; 2A Norman J. Singer, *Statutes and Statutory Construction*, § 47.11 at 246–47 (6th ed. 2000) ("[W]here a general provision in a statute has certain limited exceptions, all doubts should be resolved in favor of the general provision rather than exceptions."). Here, Plaintiff has failed to allege facts to show the requisite nexus between any alleged danger and the named Defendants in this action.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[6]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   December 23, 2024            /s/ Ray Kent
                                      Ray Kent
                                      United States Magistrate Judge

---

[6] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.